IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

Plaintiff,

vs.

MERRILL W. ANDREWS,
a/k/a Kamanda Kamangeni,

Defendant.

Case No. 02-10073-JTM

Case No. 07-1315-JTM

MEMORANDUM AND ORDER

This matter is before the court on the motion of defendant-petitioner Merrill Andrews, also known as Kamanda Kamangeni, to vacate his sentence under 28 U.S.C. § 2255.  Andrews was sentenced to 108 months imprisonment (Dkt. No. 66).

Andrews originally pled guilty to one count of the Superseding Indictment, robbing a federally-insured credit union in violation of 18 U.S.C. § 2113(a).  He was sentenced to 120 months imprisonment, reflecting a downward departure from the guidelines for exceptional community support.  (Dkt. No. 24).  This sentence was later reversed and remanded for re-sentencing. (Dkt. No. 35).  The court then imposed a sentence following the Sentencing Guidelines of 151 months without any downward departure.  The Court of Appeals later held that this sentence was not the product of any constitutional error under *United States v. Booker*, 543 U.S. 220 (2005), but found that the sentence was the product of non-constitutional error when this court treated the Guidelines in a mandatory fashion.  Accordingly, the sentence was reversed and remanded.

In the present § 2255 motion, Andrews argues that the new sentence is illegal, because it is premised on an incorrect criminal history, specifically because his earlier state murder conviction was unconstitutional. Andrews seeks an evidentiary hearing, permission to proceed in forma pauperis, and appointment of counsel.

With respect to his earlier conviction for murder, Andrews states that one of the witnesses (Noyldon Baker) has signed an affidavit recanting his trial testimony, that the state prosecutors made a "secret deal" with Baker, that Baker received favorable treatment in other criminal proceedings, and that they failed to disclose favorable evidence to him.  The court finds no basis in Andrews' current arguments for either the relief sought or an evidentiary hearing.  These arguments are essentially a repeat of the arguments he has made, on numerous occasions, to the Kansas state courts in seeking to overturn his murder conviction. *Andrews v. State*, 109 P.3d 03 (Kan. App. 2005) (noting Andrews five motions for post-conviction relief under K.S.A. 60-1507). The court rejected Andrews' claim that the recanted testimony rendered the murder conviction unconstitutional.

Andrews presented his claim of actual innocence to this court via habeas corpus in *Andrews v. Kansas*, 05-3480-SAC, 2006 WL 618137 (D. Kan. March 2006), again stressing the recantation and that Andrews had heard another person (Anthony Chiles) state that he had heard a third person (Sidney Bryant) admit to being the murderer.  The court held that "the evidence proffered by petitioner is wholly insufficient to establish 'new reliable evidence that was not presented at trial' or to establish 'it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable .'" *Id*. at *2. The Tenth Circuit refused to grant Andrews request for a certificate of appealability from this ruling, holding that "nothing in the facts, the record on appeal, or

Appellant's filing raises an issue which meets our standard for the grant of a COA." *Andrews v. Kansas*, 191 Fed. Appx. 714, at *2 (10th Cir. 2006) (unpublished).

Andrews may not challenge the constitutional validity of the earlier murder conviction by means of the present § 2255 challenge to his sentence. Daniels v. United States, 532 U.S. 374, 375 (2001). Under *Daniels*, the proper recourse for a defendant challenging a constitutionally infirmed state conviction is to use the numerous opportunities for obtaining relief in state court, rather than collaterally attacking it through a § 2255 challenge to an enhanced sentence based on the conviction.  Here, that is precisely what Andrews has previously, but unsuccessfully, attempted. Andrews cannot collaterally attack the murder conviction through the expediency of the present motion.

Given this bar, the court finds that no relief should be granted, and that the matter may be resolved on the record before the court, without any evidentiary hearing.  United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988).  The court finds that Andrews may proceed in forma pauperis. However, the court also finds no basis for appointment of counsel, given the absence of merit in the present motion.

IT IS ACCORDINGLY ORDERED this 14th day of March, 2008, that the defendant's Motion to Proceed (Dkt. No. 69) is granted; his Motion to Vacate and to Appoint Consent (Dkt. No's 68 and 71) are hereby denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE