IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MERRILL W. ANDREWS,
aka KAMANDA KAMANGENI,

        Petitioner,

vs.                    Case No. 02-10073-01-JTM

                                        09-1109-JTM

UNITED STATES OF AMERICA,

        Respondent.


MEMORANDUM AND ORDER


The parties are in agreement that the Motion to Vacate is a second or successive motion for collateral relief, and that this Court is accordingly without jurisdiction to consider the motion. "A district court does not have jurisdiction to address the merits of a second or successive § 2255 or 28 U.S.C. § 2254 claim until this court has granted the required authorization." *In re Cline*, 531 F.3d 1249, 1250-52 (10th Cir. 2008), *citing United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006). Petitioner-defendant Merrill Andrews argues (Dkt. No. 87) that the Court should transfer the action to the Court of Appeals pursuant to 28 U.S.C. § 1631. He maintains that in light of *Begay v. United States*, 531 U.S. __, 128 S.Ct. 1581 (2008), transfer would serve the interests of justice since a court could rationally determine that he should not have been sentenced as an armed career criminal.

District courts possess the power to transfer successive § 2255 motions to the Court of Appeals "if it determines it is in the interest of justice to do so under § 1631." *Cline*, 531 F.3d at 1252. If a transfer is not in the interests of justice, a district court "ha[s] to dismiss [the] claim for lack of jurisdiction because it bears no authority to entertain second or successive § 2255 motions unauthorized" by the Court of Appeals. *United States v. Harper*, 545 F.3d 1231, 1232 (10th Cir. 2008). Under § 1631, relevant factors "include finding that the new action would be time barred, that the claims are likely to have merit, and that the original action was filed in good faith rather than filed after plaintiff either realized or should have realized that the forum in which he or she filed was improper." *Trujillo v. Williams*, 465 F.3d 1210, 1223 n. 16 (10th Cir. 2006) (citations and internal quotation omitted).

The government has moved to dismiss (Dkt. No. 86) the Motion to Vacate on the grounds that the action is time-barred, and the requirements for transfer have not been met. Specifically, the government argues that a transfer cannot serve the interests of justice because the Andrews' claims do not fall within the exceptions for certain untimely claims under 28 U.S.C. § § 2255(h).

Under 28 U.S.C. § 2255(h), a party presenting a claim for collateral relief under § 2255 must show either:

> (1) the existence of newly discovered evidence that, if proven in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

If a claim for collateral relief fails to meet the "strict requirements" of § 2255(h), the district court should dismiss the Motion to Vacate rather than transfer the action. *Harper*, 545 F.3d at 1232.

Subsection 2255(h) will not authorize a time-barred collateral attack premised on a new decision reflecting a reinterpretation of statute. *See Davis v. United States*, 417 U.S. 333 (1974). The standards of § 2255(h) are not met where the movant relies on a Supreme Court decision which does "not announce a new rule of constitutional law but decided only an issue of statutory interpretation." *Ulloa v. Ledezma*, No. 08-064-W, 2009 WL 481997, at *3 (W.D. Okla, Feb. 25, 2009) (holding decision in *Watson v. United States*, 128 S.Ct. 579 (2007) "does not establish a new rule of constitutional law and, therefore, Petitioner cannot proceed in a successive § 2255 motion").

In *Begay*, the court considered whether driving under the influence of alcohol was a "crime of violence" within the meaning of 18 U.S.C. § 922(e)(2)(B)(ii).  The Court held that it was not, and that "*for purposes of the particular statutory provision before us*, a prior record of DUI, a strict liability crime, differs from a prior record of violent and aggressive crimes committed intentionally such as arson, burglary, extortion, or crimes involving the use of explosives." 128 S.Ct. at 1588 (emphasis added). In reaching this conclusion, the Court relied on a comparison to other language in the statute, *id.* at 1584-85, the history of the statute, *id.* at 1585-86, and the "basic purposes" of the Armed Career Criminal Act. *Id.* at 1587.  The Court did not render its decision on the basis of any new rule of constitutional law.

The court finds that the cited grounds for Andrews' Motion to Vacate do not articulate any grounds which would authorize relief under § 2255(h). *See Sperberg v. Marberry*, No. 08-610-BBC, 2008 WL 5061493 (W.D. Wis. Nov. 20, 2008) (emphasizing that argument premised on *Begay* could not proceed under § 2255(h) since "[p]etitioner *is* relying on a new rule of law, but it is a new interpretation of a statute rather than the Constitution"). Accordingly, the Motion to Transfer under § 1631 will be denied and the Motion to Vacate is hereby dismissed.

3

   IT IS ACCORDINGLY ORDERED this 28th day of July, 2009, that the defendant's Motion

to Transfer (Dkt. No. 87) and Motion to Vacate (Dkt. No. 81) are denied.  The government's Motion

to Dismiss (Dkt. No. 86) is granted.


            s/ J. Thomas Marten   
            J. THOMAS MARTEN, JUDGE